FILED
SUPERIOR COURT
OF GUAM

2019 SEP -9 PM 12: 00

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0415-19 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **DECISION AND ORDER RE:** |
| JONATHAN TORRES TEDTAOTAO, | ) | **EX PARTE MOTION** |
| | ) | **TO WITHDRAW [AS COUNSEL]** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on the *Ex Parte* Motion to Withdraw filed by Defendant Jonathan Torres Tedtaotao's (Tedtaotao) counsel, Assistant Public Defender Zachary C. Taimanglo, Esq. on August 9, 2019. On August 27, 2019, the Court granted the motion by oral order, finding that a breakdown in the relationship between attorney and client supported such request, and appointing Alternate Public Defender in the stead of Public Defender Services Corporation (PDSC). The Court now issues this written Decision and Order memorializing its ruling from the bench.

## Discussion

On July 29, 2019, an Indictment was filed against Tedtaotao charging him with Burglary as a 2nd Degree Felony, Theft as a 2nd Degree Felony, Criminal Trespass as a Misdemeanor and Criminal Mischief as a Misdemeanor, along with attendant notices of Commission of a Felony While on Felony Release. Tedtaotao currently has a pending case against him in CF0225-18 for

Burglary as a 2nd Degree Felony, two (2) counts of Third Degree Robbery as a 3rd Degree felony and two (2) counts of Assault as a Misdemeanor.[1] Defendant asserted his right to a speedy trial on July 31, 2019, at his arraignment hearing and brought before this Court on August 6 for a Criminal Trial Setting. On August 7, Defendant's counsel filed a Motion and Application for Bail Redetermination Hearing Under 8 GCA §40.50 For Release on Personal Recognizance. However, on August 9, counsel filed the instant Motion to Withdraw. The Court heard the motion to withdraw on August 12 and Tedtaotao stated to the Court that he, essentially had no confidence in counsel and that he believed counsel was "working under the government," implying some collusion for which Tedtaotao could not provide any evidence when prompted by the Court for concrete information. After a lengthy discussion, both counsel and Tedtaotao agreed to the continued representation by PDSC. Ultimately, however, the Court found that the continued lack of trust or confidence expressed by Tedtaotao, but which were not grounded in any factual allegations expressed to the Court, created a significant impediment in the continued representation by PDSC, and on August 27, 2019, the Court relieved Mr. Taimanglo and the PDSC from continued representation of Tedtaotao and appointed the Alternate Public Defender. *Pre-Trial Conference hearing* (8/27/2019). On August 28, 2019 the Court held a Further Proceedings with new counsel Alternate Public Defender. As of the Pre-trial Conference on September 4, 2019, no conflicts issue has been raised by APD. The trial of this matter is still

---

[1] CF0225-18 is in the pre-trial stage. Mr. Taimanglo previously successfully advocated for Tedtaotao's release in that case in order to enable him to obtain treatment at Lighthouse Recover Center (LRC). The Court granted this motion despite Tedtaotao's lengthy criminal history after considering counsel's arguments that no such intensive treatment had previously been sought by Tedtaotao and that his client would be committed to completing the program. Prior to his arrest in the instant matter, Tedtaotao was close to completing the six (6) month in-patient program and transitioning into aftercare services with LRC. He was released with conditions on January 3, 2019.

scheduled to commence on September 11, 2019 – well within the statutory speedy trial time period of 45 days.[2] A continued Pre-trial conference is scheduled for September 10.

## Analysis

This Court has relied heavily upon the Guam Supreme Court's ruling in *People of Guam v. Flores*, 2009 Guam 22, in granting the Motion to Withdraw filed by PDSC. In *Flores* (which also involved an asserted speedy trial right), the defendant expressed to the Court his refusal to work with his court-appointed attorneys and made accusations remarkably similar to Tedtaotao's assertions against PDSC. Flores informed the court that "his attorney betrayed him, he was afraid of his attorney, he believed his attorney failed to do any of the things a prudent attorney would have done, and he could not work with this attorney." *Flores* at ¶37. Finding that appointing new counsel and a four month continuance was appropriate in that case, the Guam Supreme Court ruled that because the delay was caused by Flores' conduct and that Flores benefitted from the delay, good cause existed under 8 G.C.A. section 80.60 to delay the trial beyond the statutory 45-day period. *Id.* at 40.

Finding that a similar accusation was lodged by Tedtaotao as against PDSC and Mr. Taimanglo, the Court found good cause to grant the motion to withdraw following unsuccessful attempts by Mr. Taimanglo and Tedtaotao to continue the attorney-client relationship. The Court has not vacated the current trial schedule and, therefore, there is no prejudice to Tedtaotao by the appointment of new counsel. However, should delay be necessary for new counsel to prepare adequately for trial, under the circumstances, *Flores* would support such a reasonable continuance.

---

[2] Tedtaotao remains detained following the Court's denial of the Motion for Bail Redetermination. *See Decision and Order Denying Defendant's Mot. and Application for Bail Redetermination* (Aug. 26, 2019).

## Conclusion

Based on the foregoing reasons, the Court finds that good cause exists to grant PDSC's Motion to Withdraw as Counsel and ORDERS the appointment of Alternate Public Defender as new counsel for Defendant Tedtaotao.

SO ORDERED, *nunc pro tunc* August 27, 2019.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SUPERIOR COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

Date: _____ Time: _____

Deputy Clerk, Superior Court of Guam